IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | § <br> § <br> § <br> § | CRIMINAL NO. **11 CR 441**<br>18 U.S.C. § 2<br>18 U.S.C. § 371 |
| v. | § <br> § | 18 U.S.C. § 2320(a)<br>21 U.S.C. § 331(a) |
| IRFAN QADIR,<br>Defendant | § <br> § | 21 U.S.C. § 331(I)<br>18 U.S.C. § 545 |

**INDICTMENT**

United States Courts
Southern District of Texas
FILED

THE GRAND JURY CHARGES:

JUN 0 8 2011

**COUNT ONE**
(Conspiracy – 18 U.S.C. § 371)

David J. Bradley, Clerk of Court

**A. INTRODUCTION**

At all times material to this indictment:

1. The United States Food and Drug Administration (FDA) is an agency of the United States charged with the responsibility of protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans bear labeling containing true and accurate information. The FDA's responsibilities include regulating the labeling and distributing of prescription drugs shipped or received in interstate commerce.

2. Under the Food Drug and Cosmetic Act, the definition of a "drug" includes articles which (1) are intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man, and (2) are intended to affect the structure or function of the body of man. Due to the toxicity and other potential harmful effect, certain drugs are not considered safe for use except for use under the supervision of a practitioner licensed by law to administer such drugs.

These drugs are known as prescription drugs.

3. Viagra was a prescription drug product that had been approved by the FDA for distribution within the United States.

4. Pfizer Pharmaceuticals (Pfizer) had the exclusive right to manufacture Viagra for distribution within the United States.

5. The name "Viagra" was a trademark owned by Pfizer and is registered in the principal registry in the United States Patent and Trademark Office.

6. Cialis was a prescription drug product which had been approved by the FDA for distribution within the United States.

7. Eli Lilly Corporation (Eli Lilly) had the exclusive right to manufacture Cialis for distribution within the United States.

8. The name "Cialis" was a trademark owned by Eli Lilly and is registered in the principal registry in the United States Patent and Trademark Office.

9. The Food Drug and Cosmetic Act also regulates the importation, delivery, distribution and receipt of prescription drugs in interstate commerce. Under the Act, a prescription drug is deemed misbranded if its labeling is false or misleading in any particular manner. A prescription drug is also deemed to be counterfeit if it bears a trademark without the authorization of the registrant of the trademark.

10. **IRFAN QADIR**, defendant herein, was the manager and operator of AWAMI MARKAZ, a restaurant and grocery located at 12365 Bissonnet Street, Houston, Texas.

## B. THE CONSPIRACY

11. Beginning some time before November 8, 2010, and continuing thereafter to on or about May 10, 2011, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

## IRFAN QADIR

did knowingly, intentionally, and willfully combine, conspire and confederate and agree with other persons known and unknown to the grand jury to commit certain offenses against the United States, namely:

   a. To traffic and attempt to traffic in counterfeit goods in violation of Title 18, United States Code, Section 2320(a).

   b. To violate the Food, Drug and Cosmetic Act, namely, with the intent to defraud and mislead, cause the introduction and delivery for introduction into interstate commerce prescription drugs which are misbranded, in violation of Title 21, United States Code, Section 331(a) and 333(a)(2).

   c. To violate the Food, Drug and Cosmetic Act, namely, with the intent to defraud and mislead, cause the counterfeiting of trademarks Viagra and Cialis, in violation of Title 21, United States Code, Section 331(I), 333(a)(2)

## C. OBJECT OF THE CONSPIRACY

12. It was the object of the conspiracy for the defendant and others to unlawfully enrich themselves by importing counterfeit pharmaceutical drug products which bore the trademarks Viagra and Cialis, and to sell these drugs to the public, without the authorization of the manufacturers of said drugs.

## D. MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to the following:

13. It was a part of the conspiracy that the defendant IRFAN QADIR would and did cause the importation of counterfeit pharmaceuticals from the People's Republic of China into the United States. The counterfeit pharmaceuticals bore the same mark, shape, packaging and appearance as genuine tablets of Viagra and Cialis.

14. It was a part of the conspiracy that the defendant IRFAN QADIR would and did cause pharmaceuticals to be misbranded. The pharmaceuticals were misbranded in that:

   a. The labeling affixed to the packing falsely represented that the package contained genuine Viagra and Cialis pharmaceutical products; and

   b. The tablets were manufactured and dispensed from a non-FDA approved facility.

15. It was a part of the conspiracy that the defendant IRFAN QADIR would and did negotiate and sell counterfeit pharmaceuticals to another person. The pharmaceutical drugs received from the defendant were later analyzed by the registered trademark holders and were determined to be counterfeit.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Southern District of Texas and elsewhere:

(1). On or about November 8, 2010, defendant IRFAN QADIR operated a green Dodge mini-van and drove to the U.S. Post Office at 11703 Beechnut Street, Houston, Texas.

(2). On or about November 8, 2010, defendant IRFAN QADIR operated a green mini-

van and drove to the U. S. Post Office at 4110 Bluebonnet Drive, Stafford, Texas.

(3). On or about April 13, 2011, defendant IRFAN QADIR traveled to the U.S. Post Office at 6500 De Moss Drive, Houston, Texas and had a conversation with an employee of the U.S. Postal Service.

(4). On or about April 14, 2011, defendant IRFAN QADIR had a conversation by telephone with a U.S. Postal Inspector concerning a parcel to be picked up at the U.S. Post Office at 6500 De Moss Drive, Houston, Texas.

(5). On some date before April 4, 2011, defendant IRFAN QADIR caused a parcel addressed to "Mr. IRFAN" P.O. Box 741014, Houston, Texas 77274 containing approximately 2,000 tablets of counterfeit Viagra tablets in blister packages, to be imported to the United States from the People's Republic of China, which tablets were later determined to be counterfeit.

(6). On or about May 5, 2011, defendant IRFAN QADIR did negotiate and sell counterfeit Cialis tablets in two-count blister packaging which bore Batch number AO5668.

(7). On or before May 6, 2011, defendant IRFAN QADIR caused a parcel addressed to "MR. IRSAN" 12365 Bissonnet St., Houston, Texas, containing approximately 2,000 Viagra tablets contained in 500, four-count blister packaging, to be imported to the United States from the Peoples' Republic of China, which were later determined to be counterfeit.

**In violation of Title 18, United States Code, Section 371.**

## COUNT TWO
**(Misbranded Drugs)**

1. On or before April 4, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**IRFAN QADIR**

with the intent to defraud and mislead, caused the introduction and delivery for introduction into interstate commerce pharmaceutical drugs which were misbranded; in that, the blister packages contained Viagra tablets which were labeled in a manner to falsely represent that the tablets were genuine Viagra tablets.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2) and Title 18, United States Code, Section 2.**

## COUNT THREE
### (Misbranded Drugs)

1. On or about May 6, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**IRFAN QADIR**

with the intent to defraud and mislead, caused the introduction and delivery for introduction into interstate commerce pharmaceutical drugs which were misbranded; in that, the blister packages containing Viagra tablets were labeled in a manner to falsely represent that the tablets were genuine Viagra tablets.

**In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.**

## COUNT FOUR
### (Counterfeit Drugs)

1. On or about April 4, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

IRFAN QADIR

with the intent to defraud and mislead, caused the introduction and delivery for introduction into interstate commerce a package containing drugs which were labeled with the trademark Viagra, without the authorization and permission of Pfizer Pharmaceuticals, the registered holder of said trademark.

**In violation of Title 21 United States Code, Sections 331(I) and 333(a)(2), and Title 18, United States Code, Section 2.**

## COUNT FIVE
### (Counterfeit Drugs)

1. On or about May 6, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

IRFAN QADIR

with the intent to defraud and mislead, caused the introduction and delivery for introduction into interstate commerce several packages containing drugs which were labeled with the trademark Viagra, without the authorization and permission of Pfizer Pharmaceuticals, the registered holder of said trademark.

**In violation of Title 21 United States Code, Sections 331(I) and 333(a)(2), and Title 18, United States Code, Section 2.**

## COUNT SIX
### (Trafficking in Counterfeit Goods)

1. On or about April 4, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**IRFAN QADIR**

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods; that is, the Viagra trademark used to identify a pharmaceutical product marked by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principle register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Section 2320(a) and 2, and Title 18, United States Code, Section 2.**

## COUNT SEVEN
### (Trafficking in Counterfeit Goods)

1. On or about May 5, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**IRFAN QADIR**

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods; that is, the Cialis trademark used to identify a pharmaceutical product marked by Eli Lilly and Company, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principle register in the United States Patent and Trademark Office, and the use of which mark

was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Section 2320(a) and 2, and Title 18, United States Code, Section 2.**

## COUNT EIGHT
### (Trafficking in Counterfeit Goods)

1. On or about May 6, 2011, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

### IRFAN QADIR

aided and abetted by others unknown to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods; that is, the Viagra trademark used to identify a pharmaceutical product marked by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principle register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Section 2320(a) and 2, and Title 18, United States Code, Section 2.**

## COUNT NINE
### (Smuggling)

On or before April 4, 2011, until about May 6, 2011, in the Houston Division of the Souther n District of Texas, and elsewhere,

## IRFAN QADIR

defendant herein, did knowingly and fraudulently import and cause to be imported and brought into the United States certain merchandise; that is, pharmaceutical drugs with false Viagra and Cialis trademarks; in that, said pharmaceuticals were unlawfully imported without the authorization of the registered trademark holder, contrary to law.

**Violation: Title 18, United States Code, Sections 545 and 2.**

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON

JOSÉ ANGEL MORENO
UNITED STATES ATTORNEY

Cedric L. Joubert
Assistant United States Attorney
713 567-9719